1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER HERRERA,

        Plaintiff,

v.

G4S SECURE SOLUTIONS, a Nevada facility owned by G4S SECURE SOLUTIONS, USA,

        Defendants.

2:11-CV-1206 JCM (PAL)

**ORDER**

Presently before the court is defendant G4S Secure Solutions (USA) Inc.'s motion to dismiss counts one and two of plaintiff's complaint. (Doc. #5). Defendant Christopher Herrera filed a *pro se* opposition. (Doc. #9). Defendant then filed a reply. (Doc. #13). Defendant bases its motion on Federal Rule of Civil Procedure 12(b)(6) and/or Federal Rule of Civil Procedure 9(b). (Doc. #9).

Plaintiff filed his complaint in state court in July 2011. (Doc. #1, Ex. A). Plaintiff's complaint alleges general and special damages "in a sum in excess of ten thousand ($10,000)." (Doc. #1, Ex. A). Defendant removed the case to federal court on July 25, 2011. (Doc. #1). Defendant asserted that this court had jurisdiction over the case pursuant to 28 U.S.C. § 1332. (Doc. #1).

In defendant's petition for removal, defendant stated that it would consent to remand if plaintiff would stipulate that "the amount of damages claimed by him . . . is and will forever be less

**James C. Mahan**
**U.S. District Judge**

1  than $75,000, exclusive of interests and costs." (Doc. #1). Plaintiff filed an objection to the
2  removal, stating that his "claims do not exceed $75,000." (Doc. #8).
3      Prior to entertaining defendant's motion to dismiss (doc. #5), this court must first satisfy
4  itself that it has jurisdiction over the civil action. A federal court can exercise diversity jurisdiction
5  under 28 U.S.C. § 1332 only when (1) the matter in controversy exceeds the sum or value of
6  $75,000, exclusive of interest and costs, and (2) there is complete diversity between the parties. *See*
7  28 U.S.C. § 1332.

8      Where it is not facially evident from the complaint that more than $75,000 is in
   controversy, the removing party must prove, by a preponderance of the evidence, that
9   the amount in controversy meets the jurisdictional threshold. Where doubt regarding
    the right to removal exists, a case should be remanded to state court.
10

11 *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Finally, 28 U.S.C.
12 § 1447© requires the district court to remand "[i]f at any time before final judgment it appears that
13 the district court lacks subject matter jurisdiction."
14     Upon review of the complaint and plaintiff's subsequent objection to removal, there is
15 significant doubt that "the amount in controversy meets the jurisdictional threshold." *Matheson*, 319
16 F.3d at 1090. Thus, it appears that the court does not have jurisdiction. This court has the authority,
17 and duty, to remand *sua sponte*. *See, e.g.*, *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360
18 F.3d 960, 967 (9th Cir. 2004).
19     Accordingly,
20     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the above-captioned case
21 be, and the same hereby is, REMANDED.
22     DATED October 24, 2011.
23
24                                         _____
                                           UNITED STATES DISTRICT JUDGE
25
26
27
28

**James C. Mahan**
**U.S. District Judge**